IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:

DIVISION:

EDWIN RAY SALGADO

    Plaintiff,

v.

LOOMIS ARMORED US, LLC

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, EDWIN RAY SALGADO (hereinafter, "Plaintiff"), was an employee of Defendant, LOOMIS ARMORED US, LLC (hereinafter, "Loomis"), and brings this action for unpaid overtime compensation, declaratory relief and any other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"). Plaintiff was a non-exempt armed service technician paid on an hourly basis for Defendant in Jacksonville, Duval County, Florida.

2.    Defendant Loomis, is a foreign corporation that has a store, operates, is registered to conduct business and conducts business in, Jacksonville, Duval County, Florida, and is therefore within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendant Loomis overtime compensation, liquidated damages and reasonable attorneys' fees and costs.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 *et seq.*

5. At all material times relevant to this action, Defendant Loomis was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

6. At all times relevant to this action, Defendant Loomis failed to comply with 29 U.S.C. §§ 201-209 because Plaintiff performed services for Defendant Loomis for which no provisions were made by Defendant Loomis to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week. Defendant Loomis failed to properly pay Plaintiff's compensation for those hours worked in excess of forty (40) within a work week and paid him an amount less than what was required under the FLSA as a non-exempt employee.

7. As a result, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) per week during one or more weeks.

8. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff Harold Miller are in the possession and custody of Defendant Loomis.

9. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week. During his employment with Defendant Loomis, Plaintiff regularly worked overtime hours but was not paid time and one-half of his regular rate of pay for those overtime hours.

10. As a result of Defendant Loomis's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

11. As a result of Defendant Loomis's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

12. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant Loomis for the payment of all overtime hours at one and one-half of his regular rate of pay for the hours worked by him for which Defendant Loomis did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted,

By: _____
PAUL SHORSTEIN

Florida Bar No. 814431
Shorstein, Lasnetski & Gihon, LLC
6550 St. Augustine Rd., Ste. 303
Jacksonville, Florida 32217
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
E-mail: Paul@jaxtriallaw.com