UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWIN RAY SALGADO,

    Plaintiff,

vs.                                        CASE NO. 3:16-cv-01083-MMH-MCR

LOOMIS ARMORED US, LLC,

    Defendant.

_____

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made this _____ day of May, 2017, by and between EDWIN RAY SALGADO ("Salgado") and LOOMIS ARMORED US, LLC, its parents, predecessors, successors, subsidiaries, affiliates, insurers, and their directors, officers, shareholders, owners, board members, employees, agents and attorneys both individually and in their capacities as directors, officers, shareholders, owners, board members, employees, agents and attorneys ("Loomis") (Collectively, the "Parties").

WHEREAS, Salgado was employed by Loomis from time to time from approximately February of 2012 until March 2, 2016; and

WHEREAS, Salgado instituted a Complaint with the Circuit Court of Florida in Duval County which was properly removed to the United States District Court, Middle District of Florida, Jacksonville Division (Case No.: 3:16-cv-01083-MMH-MCR) ("the Lawsuit") alleging violations of the Fair Labor Standards Act ("FLSA").

WHEREAS, Loomis denies liability herein, the claims made in the Lawsuit or

any wrongdoing with respect to Salgado or his employment or termination of employment with Loomis;

WHEREAS, all wages concededly due to Salgado have been paid;

WHEREAS, the Parties wish to settle their differences without resort to further litigation;

WHEREAS, the Parties submit that the terms of this Agreement are the product of thoughtful, careful and deliberate negotiations regarding any and all issues in any way related to the Lawsuit;

**WHEREAS,** Loomis is willing to provide Salgado with certain considerations described below, which it is not ordinarily required to, provided Salgado releases Loomis from any claims Salgado has made or might make arising out of his employment with Loomis and agrees to comply with the other promises and conditions set forth in this Agreement;

**WHEREAS,** the Parties consider this settlement reasonable in light of the nature of the violations alleged and the risks inherent in litigation; and

**WHEREAS,** the Parties have resolved this matter and wish to avoid the disruption and expense of litigation, and do not wish to be compelled to take the very risks that they wish to avoid.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties as

follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RETURN OF PROPERTY.** On the date of this Agreement, Salgado will return any and all equipment, uniforms, documents, lists, data, confidential information, trade secrets, or other property in his possession belonging to Loomis.

3. **GENERAL RELEASE OF CLAIMS.**

   a. This Agreement shall constitute a waiver and release of any and all claims Salgado has, might have or could have, under federal, state or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against Loomis, its parents, predecessors, successors, subsidiaries, affiliates, insurers, and their directors, officers, shareholders, owners, board members, employees, agents and attorneys both individually and in their capacities as directors, officers, shareholders, owners, board members, employees, agents and attorneys.

   b. Upon receipt of the consideration described in paragraph 4, if the Court does not otherwise dismiss the Lawsuit in full, Salgado shall execute and file a voluntary notice of dismissal, dismissing the Lawsuit with prejudice and shall dismiss any and all other actions or proceedings that he has or might have commenced against Loomis, including, but not limited to, any proceedings commenced by Salgado with the Equal Employment Opportunity Commission, the Florida Commission on Human Relations or any other local, state or federal agency.

   c. Salgado hereby knowingly and voluntarily releases and forever

discharges Loomis, its parents, predecessors, successors, subsidiaries, affiliates, insurers, and their directors, officers, shareholders, owners, board members, employees, agents and attorneys both individually and in their capacities as directors, officers, shareholders, owners, board members, employees, agents and attorneys (collectively "Releasees") of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Salgado has or might have as of the date of execution of this Confidential Agreement, including any claims arising out of or in any way connected with Salgado's employment, relationship with or cessation of alleged employment and relationship with Loomis. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under:

- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Fair Labor Standards Act;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The Fair Credit Reporting Act;
- The Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, Florida Statutes;
- Equal Pay Act of 1963;

- The Florida Whistleblower Act, § 448.102, et seq., Florida Statutes;
- Florida's Workers' Compensation Anti-Retaliation Provision, § 440.205, Florida Statutes;
- Florida's Wage Rate Provision, § 448.07, Florida Statutes;
- Florida's Attorneys' Fees Provision for Successful Litigants in Suits for Unpaid Wages, § 448.08, Florida Statutes;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;
- Executive Order 11141;
- Executive Order 11246; and
- Executive Order 11375

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions (including compensation and benefits) of Salgado's employment, relationship or cessation of employment with Loomis, as of the date of signing this Confidential Agreement.

  d. Each party agrees to hold the other harmless from any loss, cost, damage or expense (including attorneys' fees) incurred by the enforcement of this Confidential Agreement by the prevailing party against the party in breach.

  4. **Settlement Sum and Consideration**: As consideration for signing this

Confidential Agreement and compliance with the promises made herein, Loomis agrees to pay Salgado the gross sum of Nine Thousand and No/100 Dollars ($9,000.00), less lawful deductions. This sum shall be allocated as follows:

(a) A total of Five Thousand Six Hundred and No/100 Dollars ($5,600.00) shall be made payable as alleged wage-based damages to Salgado, for which a W-2 shall be issued and for which withholdings shall be made;

(b) A total of Four Hundred and No/100 Dollars ($400.00) shall be made payable as alleged non-wage based damages, for which a Form-1099 shall be issued to Salgado; and

(c) A total of Three Thousand and No/100 Dollars ($3,000.00) shall be made payable to Salgado's legal counsel, Shorstein, Lasnetski & Gihon, LLC, Tax ID No.: 26-2202003 for attorneys' fees, for which 1099s shall be issued to Salgado and his counsel.

Loomis shall provide the consideration identified in this paragraph 3 within seven (7) calendar days after all of the following: (1) receipt of an original of this Agreement appropriately signed and dated by Salgado; (2) receipt of fully completed and fully-executed tax forms for all individuals/entities receiving checks; and (3) court approval of the FLSA Settlement Agreement and the dismissal of the Lawsuit with prejudice. The Effective Date of this Confidential Agreement shall mean the date on which the last of the three conditions set out in this Paragraph have been completed.

This Confidential Agreement shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the

Effective Date of this Confidential Agreement.

Loomis makes no representation as to the taxability of the amounts paid to Salgado. Salgado agrees to pay his portion of any additional federal or state taxes, if any, which are required by law to be paid by her with respect to this Agreement. Moreover, Salgado agrees to indemnify Loomis and hold it harmless from any interest, taxes or penalties it must pay on behalf of Salgado, as a result of Salgado's nonpayment of taxes that Salgado was obligated to pay on any amount contained in this Agreement.

5. **ALL HOURS WORKED.** Salgado acknowledges and agrees that he has been paid properly for all work performed during his employment with Loomis and in accordance with applicable wage and hour laws as of the date of signing this Confidential Agreement.

6. **NON-DISPARAGEMENT.** Salgado agrees that he shall and will not make, in writing or orally, any disparaging, defaming, or derogatory remarks about Loomis and/or its owners, officers, trustees, employees, services, and/or business practices.

7. **OPPORTUNITY TO REVIEW.** Salgado acknowledges that he has been given the opportunity to review this Agreement and the terms herein with an attorney prior to execution, and is entering into this Agreement freely and knowingly. Salgado acknowledges that he is aware that he is giving up all claims he has or may have against Loomis and its respective parents, predecessors, successors, subsidiaries, affiliates, and its directors, officers, shareholders, members, employees -- including, but not limited to, agents, insurers and attorneys as of the date of this Agreement. Salgado

acknowledges that he has been given the opportunity to seek legal advice before executing this Agreement. In fact, Salgado acknowledges that he has consulted with his counsel of record, Paul Shorstein, Esquire, prior to the execution of this Agreement and signs this Agreement knowingly, freely and voluntarily.

8. **WAIVER OF JURY TRIAL.** Salgado and Loomis hereby knowingly, voluntarily, and intentionally waive any right to a jury trial in respect to any claims arising in connection with the employment relationship and/or this Agreement.

9. **WORKPLACE INJURY.** Salgado acknowledges that he did not suffer any workplace injuries including, but not limited to, physical injuries during his employment with Loomis that has not been fully resolved.

10. **FUTURE EMPLOYMENT.**

    a. Salgado will not seek, take, cause or permit to be taken, any action now or at any point in the future to enter into active employment with Loomis, its parents, subsidiaries, affiliates, and their directors, officers, shareholders or owners. Salgado agrees not to knowingly apply for employment at any time henceforth with any business entity affiliated with or owned, managed or licensed, in whole or in part by including any of its parents, subsidiaries, affiliates, and their directors, officers, shareholders or owners.

    b. Salgado agrees that if he knowingly or unknowingly applies for a position with an entity of the status described in paragraph 10a herein, and is offered or accepts a position, the offer may be withdrawn, or Salgado may be terminated immediately, without notice or cause. Salgado further agrees that, in the event of such an

offer and withdrawal, or hiring and termination, as described in this paragraph, Salgado waives any right to seek legal or administrative redress of any kind for events relating to the withdrawal of the offer, or termination of employment as described in paragraph 10.

11. **NONADMISSION OF WRONGDOING.** Salgado agrees that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Loomis of any liability or unlawful conduct of any kind.

12. **SEVERABILITY.** Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Confidential Agreement in full force and effect.

13. **VENUE, GOVERNING LAW AND INTERPRETATION.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.

14. **ENTIRE RELEASE.** This Agreement sets forth the entire agreement between Salgado and Loomis, and supersedes any and all prior oral or written agreements, understandings, representations or warranties between the Parties. Salgado acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

15. **NO INTERFERENCE WITH RIGHTS.** Salgado understands that nothing in this Agreement, including but not limited to paragraph 6, shall be construed to prohibit SALGADO from filing a charge or complaint with, or participating in any investigation or proceeding conducted by, the National Labor Relation Board, the Equal Employment Opportunity Commission, the Florida Commission on Human Relations and/or any federal, state or local agency, although by signing this Agreement, SALGADO understands that he is waiving his right to receive individual relief based on claims asserted in any such charge or complaint, except where such a waiver is prohibited. SALGADO further understands that nothing in this Agreement shall be construed to prohibit him from exercising his rights under Section 7 of the National Labor Relations Act. SALGADO understands that his release of claims as contained in this Agreement does not extend to any rights he may have under any laws governing the filing of claims for unemployment and/or workers' compensation benefits. SALGADO further understands that nothing herein shall be construed to prohibit him from (a) challenging LOOMIS's failure to comply with its promises to make payment, provide other consideration under this Agreement and comply with the other conditions of this Agreement; (b) asserting his right to any vested benefits to which he is entitled pursuant to the terms of the applicable plans and/or applicable law; and/or (c) asserting any claim that cannot lawfully be waived by private agreement.

16. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written Agreement which is both signed by all parties

and which makes specific reference to this Agreement.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE, THE PARTIES HAVE BEEN GIVEN THE OPPORTUNITY TO BE REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE EXECUTED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS CONFIDENTIAL AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, SALGADO FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, EXECUTES THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST AND THE RELEASEES ARISING PRIOR TO THE EXECUTION OF THIS AGREEMENT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: May 12, 2017.

_____
EDWIN RAY SALGADO

STATE OF FLORIDA )
COUNTY OF DUVAL )

SWORN TO AND SUBSCRIBED before me this 12 day of May, 2017 by **EDWIN RAY SALGADO**, who is personally known to me or has produced FL Driver's License as identification.

*Celia Alvarado Leon Guerrero*
(Notary Signature)

(NOTARY SEAL)



Celia Alvarado Leon Guerrero
(Notary Name Printed)
NOTARY PUBLIC
Commission No. FF 176933

Dated: May ___, 2017        **LOOMIS ARMORED US, LLC**

JULY 20, 2017              By: _____

                           Its: SVP - ADMINISTRATION