UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWIN RAY SALGADO,

      Plaintiff,

vs.                                     CASE NO. 3:16-cv-01083-MMH-MCR

LOOMIS ARMORED US, LLC,

      Defendant.

## CORRECTED RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Edwin Ray Salgado ("Plaintiff") and Defendant Loomis Armored US, LLC ("Defendant"), jointly move this Court to review and approve the parties' settlement and enter an Order dismissing this action with prejudice. The Parties previously submitted a similar joint motion which was denied without prejudice wherein the Court requested additional detail from the Parties. Therefore, the Parties are now jointly submitting this instant Motion renewing their joint request to approve the attached Settlement Agreement and dismiss this matter with prejudice. In support thereof, the Parties state as follows:

1. The Complaint in this case alleged that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") for failing to pay wages for all hours worked.

2. Defendant denies any wrongdoing under the FLSA and denies that Plaintiff is entitled to any relief whatsoever. Defendant raises as a complete defense to

the FLSA claim that Plaintiff was compensated for all time worked at the appropriate wage rate because Plaintiff was properly classified as an exempt employee under the Motor Carrier's Act.

3. However, Defendant recognizes that litigation is costly and the outcome is uncertain. To avoid the costs and uncertainty of further litigation, Defendant negotiated a settlement of this matter with the Plaintiff. The settlement is intended to resolve all claims by Plaintiff against Defendant.

4. As set forth in the Parties' Agreement, Defendant has agreed to pay Plaintiff consideration to resolve his underlying claims for alleged unpaid overtime wages, liquidated damages, and any damages arising out the FLSA. (Exhibit A.) Defendant made the decision to settle this case, even though the claims herein were defensible, for the sole purpose of ending the expense of attorneys' fees which Defendant know will far outweigh the cost of settlement.

5. With respect to the Court's request for additional information, the Parties provide the following information. Plaintiff's initial demand was for $8,681.01 in unpaid overtime and an additional equal amount for liquidated damages. Plaintiff also initially requested an additional amount to cover attorneys' fees.

6. After exchanging information and verified hours worked, the Parties had little disagreement over the number of hours actually worked. Further, the Parties agree that Plaintiff's pay rate started at $11.33 / hour in 2013 and ended at $12.14 / hour when his employment ended in March, 2016.

7. Defendant maintains that Plaintiff was generally not entitled to overtime

because he was employed as an armored car driver and/or assistant and, thus, was exempted from the FLSA under the Motor Carrier Act. Further, Defendant confirmed that, according to its records, Plaintiff was assigned to and worked in a truck that weighed more than 10,000 pounds during all hours where he worked in excess of 40 during any workweek. Defendant relies heavily on *Rohas v. Garda CL Southeast, Inc.*, a case from the Southern District of Florida reported on August 28, 2015 deciding a motion for summary judgment on an FLSA claim made by an armored truck driver against his former employer. *Rojas v. Garda CL Southeast, Inc.*, 297 FRD 669 (S.D.Fla. Aug. 28, 2015). In that case, the Court found that the plaintiffs, who were drivers and/or messengers, used armored vehicles who worked "in part" on motor vehicles weighing 10,000 pounds or more and "in part" on motor vehicles weighing over 10,000 pounds. That Court determined that because the named plaintiff solely worked on trucks over 10,000 pounds and, thus, met the requirements of the Motor Vehicle Carrier Act and was exempt from the FLSA. Other, opt-in plaintiffs in that case worked on trucks less than 10,000 pounds and, thus, their claims remained. *Id.*

8. In support of his position, Plaintiff relies on a case from the Third Circuit, *McMaster v. Eastern Armored Services, Inc.*, 780 F.3d 167 (3d Cir. 2015) wherein the plaintiff in that matter who was also an armored truck driver worked on a truck over 10,000 pounds about 51% of the time and a truck under 10,000 pounds the remaining time. In that case, the Court overturned a grant of summary judgment finding that there were disputes as to material fact regarding the amount of time that the Plaintiff used a vehicle over 10,000 pounds.

9. Here, Plaintiff believes that he sometimes worked on a truck that was less than 10,000 pounds, but could not estimate the amount of time he was on each type of vehicle.

10. There is no material dispute that Plaintiff's total amount of overtime that Plaintiff would have earned if he was entitled to such pay for the hours in excess of 40 per week would have been approximately $8,000 for a three year lookback period. While Defendant contends that Plaintiff is not entitled to any backpay, if a determination were made that Plaintiff were not exempt, certainly, Defendant's position would be that only two years of backpay would be appropriate. Two years of Plaintiff's backpay amounts to approximately $6,000.

11. As set out in the attached Settlement Agreement, the Parties have agreed to resolve this matter for a total of $9,000 including $6,000 to Plaintiff. While this amount is less than Plaintiff's estimated backpay due, it approximates two years of backpay that Plaintiff claims entitlement to.

12. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

13. Additionally, Plaintiff's Counsel has agreed to take a reduced fee for this matter by way of compromise as set out in the attached affidavit by Plaintiff's Counsel. (Exhibit B.) The negotiations for attorneys' fees were negotiated separately from the amount negotiated for Plaintiff's recovery.

**MEMORANDUM OF LAW**

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;

5

> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at*2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.*

The attorneys' fees and costs being paid by the Defendant under the Parties' settlement are in full satisfaction of all attorneys' fees and costs owed to Plaintiff's counsel, and Plaintiff has no further obligation to Plaintiff's counsel for any additional attorneys' fees or costs. The amount of settlement proceeds to Plaintiff approximately two years of Plaintiff's calculated backpay damages despite Defendant's contention that it is entitled to a complete defense.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant following significant exchange of information and discussion between counsel to reach this agreement. To this end, Plaintiff and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA and other related employment claims, and the Parties' Agreement represents a reasonable compromise of Plaintiff's claims, including FLSA liability, computation of back wages, and the application of various defenses Defendant has raised in opposition to Plaintiff's claims. Based upon the facts and circumstances of this case, the parties jointly advise the Court that the amount the Defendant has agreed to pay under the terms of the

Parties' Agreement is a fair and reasonable settlement of a bona fide dispute. The Parties therefore respectfully submit that the Parties' Settlement should be approved by the Court consistent with precedent, including *Lynn's Food*, 679 F.2d at 1353.

WHEREFORE, the Parties respectfully request that the Court finds the settlement fair and reasonable, dismiss this action with prejudice, enter the attached Order and grant such other and further relief as is appropriate.

Respectfully submitted this 18th day of September, 2017.

| | |
|---|---|
| **/s/ Paul Shorstein**<br>Paul Shorstein, Esquire<br>Shorstein, Lasnetski & Gihon, LLC<br>Jacksonville Office<br>P- (904) 642-3332<br>F- (904) 685-4580<br>6550 St. Augustine Road, Suite 303<br>Jacksonville, FL 32217<br><br>Orlando Area Office<br>(407) 228-2019<br>409 Montgomery Road, #115<br>Altamonte Springs, FL 32714<br><br>Email Paul@Jaxtriallaw.com<br><br>***Attorneys for Plaintiff*** | **/s/ Nancy A. Johnson**<br>Anthony J. Hall, Esquire<br>Florida Bar No.: 0040924<br>Email: ajhall@littler.com<br><br>Nancy A. Johnson, Esquire<br>Florida Bar No.: 0597562<br>Email: najohnson@littler.com<br><br>111 North Magnolia Avenue<br>Suite 1250<br>Orlando, FL  32801-2366<br>P - 407-393-2951<br>F - 407-393-2929<br><br><br><br><br><br>***Attorneys for Defendant*** |