UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDWIN RAY SALGADO,

       Plaintiff,

v.                                              CASE NO. 3:16-cv-1083-J-MCR

LOOMIS ARMORED US, LLC,

       Defendant.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on the Corrected Renewed Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice ("Motion") (Doc. 26). The Court has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the Motion is **GRANTED**, the Settlement Agreement is **APPROVED**, and the case is **DISMISSED with prejudice**.

### I.    Background

Plaintiff brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, to recover, *inter alia*, overtime compensation, liquidated damages, attorney's fees, and costs for Defendant's alleged failure to pay him "time and one-half of his regular rate of pay for all hours worked in

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 22.)

1

excess of forty (40) per week during one or more weeks."[2]  (Doc. 2, ¶ 7.) Defendant denied any liability or wrongdoing or that Plaintiff was entitled to any relief, and asserted a number of affirmative defenses, including the good faith defense and the Motor Carrier Act exemption.  (Doc. 7.)

On August 17, 2017, the parties filed their first Joint Motion to Approve FLSA Settlement and [for] Dismissal with Prejudice.  (Doc. 19.)  On September 13, 2017, the Court entered an Order denying that motion without prejudice to re-filing no later than October 4, 2017, together with the proposed settlement agreement.  (Doc. 24.)  On September 18, 2017, the parties filed the present Motion (Doc. 26), along with the proposed Settlement Agreement and General Release (Doc. 26-1) and the Affidavit of Paul Shorstein (Doc. 26-2), seeking approval of the Settlement Agreement and dismissal of this action with prejudice.

**II.   Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

---

[2] This action was filed in state court on July 13, 2016, and removed to this Court on August 25, 2016.  (Docs. 1 & 2.)

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III.    Analysis

Pursuant to the parties' settlement, Plaintiff Edwin Salgado will receive $5,600.00 as wage-based damages and $400.00 as non-wage-based damages, and Plaintiff's counsel will receive $3,000.00 for attorney's fees.[3] (Doc. 26-1.) The parties represent that the settlement is a fair and reasonable compromise of Plaintiff's claims for the following reasons:

> 6.    After exchanging information and verified hours worked, the Parties had little disagreement over the number of hours actually

---

[3] Plaintiff claimed that from April 29, 2013 to February 28, 2016, he was owed $8,681.01 in overtime wages plus an equal amount of liquidated damages, for a total of $17,362.02. (*See* Doc. 9.)

4

worked.  Further, the Parties agree that Plaintiff's pay rate started at $11.33/hour in 2013 and ended at $12.14/hour when his employment ended in March, 2016.

7.     Defendant maintains that Plaintiff was generally not entitled to overtime because he was employed as an armored car driver and/or assistant and, thus, was exempted from the FLSA under the Motor Carrier Act.  Further, Defendant confirmed that, according to its records, Plaintiff was assigned to and worked in a truck that weighed more than 10,000 pounds during all hours where he worked in excess of 40 during any workweek.

. . .

11. As set out in the attached Settlement Agreement, the Parties have agreed to resolve this matter for a total of $9,000 including $6,000 to Plaintiff.  While this amount is less than Plaintiff's estimated backpay due, it approximates two years of backpay that Plaintiff claims entitlement to.

(Doc. 26 at 2-4.)

The undersigned has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *Lynn's Food*, 679 F.2d at 1355.  Plaintiff's recovery appears reasonable given the disputed issues in this case.  Although Plaintiff is not receiving an equal amount of liquidated damages, such a compromise is reasonable in light of the bona fide dispute as to Plaintiff's entitlement to any compensation under the FLSA, and Defendant's assertion that it acted in good faith.  *See* 29 U.S.C. § 260 ("[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a

5

violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."). *Cf. Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (stating that "a plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them"). Moreover, all parties were represented by counsel during the negotiation process. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

Moreover, there is no reason to believe that the amount of agreed-upon attorney's fees affected Plaintiff's recovery. The parties represent that the fees were negotiated separately from and without regard to Plaintiff's recovery. (Doc. 26 at 4.) Therefore, there is no reason to scrutinize the fees and costs. *See Bonetti*, 715 F. Supp. 2d at 1228. However, upon review of the attorney's time as reflected in Mr. Shorstein's Affidavit, there is nothing unreasonable apparent from the record.[4] Therefore, the undersigned recommends that no conflict of interest taints the amount to be recovered by Plaintiff. The undersigned also

---

[4] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees, this case is distinguishable from a case in which such analysis is necessary. This case provides no precedent for such a case since an in-depth analysis could produce a different result.

6

recommends that counsel is being adequately compensated.[5]

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 26**) is **GRANTED**.

2. The Settlement Agreement is **APPROVED**.

3. The case is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida, on September 25, 2017.

Copies to:

Counsel of Record

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's counsel spent 14.9 hours on this case through April of 2017 (his regular hourly rate is $250.00), and incurred expenses in the sum of $524.00 (the expenses were not included in the settlement).  (Doc. 26-2.)